BEISTLINE, Chief District Judge,
dissenting:
I respectfully dissent. While the majority reaches a fair result under the facts presented, it does so at the expense of the plain language of the Plan and effectively usurps the role of Congress in establishing restrictions on how such plans may manage themselves. In my view, the District Court granted “appropriate equitable relief’ when it enforced the reimbursement provision of the Plan. The majority expresses no opinion as to whether CGI is entitled to reimbursement, but simply states that, in the interest of eliminating unjust enrichment, the District Court should have considered the make-whole doctrine and the common fund doctrine in its determination of what constituted an appropriate equitable remedy under 29 U.S.C. § 1132(a)(3). Yet, in reaching its conclusion, the majority disregards the fact that both doctrines are disclaimed in the language of the Plan. By expressly abandoning both doctrines, the Plan precludes their application. While I can understand the merits of these doctrines, I do not believe that we can now inject principles into the Plan that the Plan purposefully and specifically excluded. I do not view the “appropriate equitable relief’ provision as a mechanism for courts to rewrite ERISA plans. Such an interpretation invites litigation and unnecessarily complicates management of these plans. If Congress intended ERISA plans to include these equitable defenses notwithstanding the express terms of the plan disclaiming them, it certainly could have said so.
I would, therefore, AFFIRM the District Court to the extent it applied the plain language of the Plan and REVERSE to the extent that it did not.